IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SHARON HILL,<br><br>Plaintiff,<br><br>v.<br><br>J. RYAN MOORMAN, D.C., P.C. and CARE MEDICAL CENTER, LLC,<br><br>Defendants. | CIVIL ACTION<br>CASE NO.7:26cv161(WLS) |

**CONSENT PROTECTIVE ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION**

Upon agreement and motion of Plaintiff Sharon Hill ("Plaintiff") and Defendants J. Ryan Moorman, DC., P.C. and Care Medical Center, LLC ("Defendants") (collectively, the "Parties"), and pursuant to the Court's authority under Fed. R. Civ. P. 26(c), the Court hereby enters this Consent Protective Order Governing the Exchange and Protection of Confidential Information. The following terms and conditions shall, **except where inconsistent with the complete rules governing electronic filing under seal in civil cases set forth in Rule 5 of the Local Rules for the Middle District of Georgia**, govern the handling of any and all documents and tangible things (including all copies, excerpts, and summaries thereof), computer-generated data, information in computers and on computer disks

and tapes, deposition testimony, interrogatory responses, exhibits, and any information otherwise produced, obtained, or disclosed by the Parties in discovery, pretrial proceedings, trial, and post-trial proceedings in this litigation, including all information contained therein or derived therefrom as follows:

1. Counsel for any party may designate tangible things, documents and information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as Confidential. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential Information" shall mean information recorded, stored or maintained for any reason, in any medium, including but not limited to print, electronic, or digital, that the party designating the information as confidential reasonably believes to fall within the following definition:

   a. "Trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4), meaning information, including a formula, pattern, compilation, program, device, method, technique, or process that:

      i. Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and is the

subject of efforts that are reasonable under the circumstances to maintain its secrecy.

ii. Research, development, or commercial information that is of a highly competitively sensitive nature and that a reasonably prudent business person in the applicable field would not release to or share with the public in the ordinary course of business, and the release of which would likely cause proprietary, competitive, or economic harm.

b. Personal identifying information protected from disclosure under state or federal law (e.g. social security numbers, medical records, financial records).

c. Personal health information protected by the Health Insurance Portability and Accountability Act.

d. Treatment information and records protected by 42 U.S.C. Section 290dd-2 and its implementing regulations at 42 C.F.R. Part 2 (hereinafter referred to as "Part 2").

e. Notwithstanding any other provision in this Order, the Order shall not apply to information that is publicly available, including:

i. information or material that, prior to disclosure, was public information or knowledge;

ii. information and material that were, or after designation became, public information or knowledge (other than by an act or omission of a Party or others subject to this Order);

iii. information that is legitimately and independently acquired from a source not subject to this Order; or

iv. information that has been widely disseminated (whether outside or within an organization or corporation).

2. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's "CONFIDENTIAL" designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4. With the exception of information covered under Part 2, information or documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The parties and counsel, including in-house counsel;

b. Employees of such counsel that are assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

d. Any person from whom testimony is taken or is to be taken in this action, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

e. The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial.

5. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

a. inform the person of the confidential nature of the information or documents; and

b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. "Part 2" information and documents shall include all information and documents protected by Part 2. Production of such records will only be required where such production is strictly necessary to the pursuit of Plaintiff's claims or Defendants' currently identified defenses. Such information and documents may only be disclosed to the following persons and only after such persons are informed of the civil and criminal penalties associated with the unauthorized use or disclosure of Part 2 information and the conduct which may give rise to such penalties as identified in 42 U.S.C. § 1320a-7a and in 42 U.S.C. § 1320d-6:

a. Counsel of record, who shall ensure that any copy of Part 2 records which are produced are maintained in a secure location and access is limited to such counsel and employees working directly with such counsel on this matter, subject to the restrictions in Section 5(b);

b. Employees working under the direct supervision of counsel of record in this matter, who may review such records to the extent necessary to assist counsel, but who shall not retain copies, extracts, summaries, or other information derived from any such records;

c. Plaintiff's treating physicians who prepared or had access to the Part 2 records in question, whose obligations as Part 2 treating physicians shall not be altered by virtue of receiving or reviewing such records during the course of this litigation and who shall be informed of the same prior to being shown or informed of the content of such records;

d. Experts specially retained by either Party, with the understanding that such experts must retain such records under the highest security and confidentiality and that the information contained therein, including copies, extracts, summaries, or other information derived from any such records, shall not be disclosed other than directly to counsel of record.

e. No Part 2 records or information derived therefrom shall be uploaded into any Artificial Intelligence software if such records can be viewed by persons not otherwise permitted to view such records under this Order, including persons employed by the AI developer, owner, licensor, etc.

f. Deposition testimony, briefs, pleadings, motions, or any other filing referencing or constituting or containing information derived from Part 2 records may only be filed (a) after a proper motion to file such

records under seal in compliance **with the complete rules governing electronic filing under seal in civil cases set forth in Rule 5 of the Local Rules for the Middle District of Georgia** has been submitted to the Court and either opposed or consented to and (b) such motion has been granted. Absent or prior to the entry of such an Order, no Part 2 records may be filed with the Court or the contents of such records referenced in any filing with the Court.

7. The Confidential Information (other than Part 2 information, which may not be disclosed except as provided in Paragraph 6, supra) may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court. The requirement to obtain such person's signature on an agreement shall not include employees of the producing Party (or employees of the entity from whom the producing Party obtained the records) to whom such records are being shown during deposition testimony or persons who authored or who had access to the information contained in the Confidential Information during their employment with the producing Party (or

the entity from whom the producing Party obtained the records). Nothing in this Paragraph shall modify or pertain to the restrictions contained in Paragraph 6, supra.

8. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than the latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Order.

9. In the event of inadvertent disclosure of any Confidential Information to a person not authorized for access to such material in accordance with paragraphs 4 or 6 of this Order, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the party whose Confidential Information has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party also shall promptly take all reasonable measures (i) to ensure that no further or greater unauthorized disclosure or use of such information or materials is made and

(ii) to retrieve the material from the person or persons not authorized to receive such material and inform that person of this Order. Each party shall cooperate in good faith in that effort.

10.The Parties will assert privilege and work product objections as appropriate and will confer and discuss if there is a question regarding the same. If a producing party inadvertently or mistakenly produces information, documents or tangible items that should have been withheld subject to a claim of attorney-client privilege or work product immunity, such protection shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege or work product immunity for such information in any proceeding relative to any party or third party, provided that the producing party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure upon its discovery. Within three (3) business days of receiving a written request to do so from the producing party, or an oral request if the producing party determines during a hearing or deposition that a privileged document has been inadvertently produced, the receiving party shall either return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently or mistakenly produced or,

if the receiving Party believes that the records are not privileged or that privilege has been waived other than by inadvertent disclosure, the receiving Party may submit the records to the Court for in camera review, without retaining copies of the records in question. The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that the receiving party is not precluded from filing a motion to compel production of the information after its return or submission for in camera review on a basis other than waiver by inadvertent production, and the producing party shall retain copies of all returned documents and tangible items for further disposition after the conclusion of this litigation.

11. As consideration for this agreement and in keeping with the purpose of such blanket confidentiality orders, being to facilitate the free flow of information without the need for document by document review, as stated in *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987), no party shall withhold records or information in response to a discovery request on the basis that such records or information are confidential, with the exception of Part 2 documents or information or documents or information subject to a recognized privilege under federal law, including work product or trial preparation.

12. Any documents (including briefs), tangible things, or information designated as "CONFIDENTIAL" (other than Part 2 documents or information, which is separately addressed above) that are submitted to the Court in support of, or in opposition to, a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases. Parties wishing any document filed as part of the record under seal must first present a motion, supporting brief, and proposed order regarding said document to the Court. The Clerk of the Court is not authorized to accept for filing any document designated as sealed without an Order from the Court approving specific documents to be filed under seal. To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Protective Order Governing the Exchange and Protection of Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of filings with the Court shall be filed under seal.

13. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel

shall be permitted to retain their working files on the condition that those files will remain confidential. However, with the exception of counsel for Plaintiff and with regard to Plaintiff's own Part 2 records, all Part 2 documents shall be destroyed, including those in counsel's working files.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

This 9th day of September, 2026.

SO ORDERED:

W. Louis Sands

W. LOUIS SANDS, SR. JUDGE
United States District Court

AGREED TO BY:

/s/ Mandisa C. Annakie
Mandisa C. Annakie
Georgia Bar No. 183289
BARRETT & FARAHANY
2921 Piedmont Rd NE
Atlanta, Georgia 30305
(404) 214-0123
mannakie@justiceatwork.com

*Counsel for Plaintiff*

/s/ Anandhi S. Rajan
Anandhi S. Rajan
Georgia Bar No. 592760
1420 Peachtree Street, NE
Suite 300
Atlanta, GA 30309
(404) 874-8800
anandhi.rajan@swiftcurrie.com

*Counsel for Defendants*

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Sharon Hill v. J. Ryan Moorman, DC., P.C. and Care Medical Center, LLC* have been designated as Confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: ______________________________

PRINTED NAME: ______________________

Signed in the presence of:

______________________________________
(Attorney)

4903-9060-2445, v. 1